[Docket Nos. 1, 4]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

JOHN TOTH,

            Plaintiff,

  v.

VITALITY MEDICAL SUPPLIES, BRAD PACKARD, RUKIYA PACKARD, and ALL VITALITY EMPLOYEES,

            Defendants.

Civil No. 24-968 (RMB-SAK)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of a Complaint and amended application to proceed *in forma pauperis* ("**IFP**") by *pro se* Plaintiff John Toth ("**Plaintiff**"). [Docket Nos. 1 ("**Compl**."), 4.] The amended IFP application establishes Plaintiff's financial eligibility to proceed without prepayment of the filing fee and will be granted.

## I.     SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts, however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551

U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

## II.   ANALYSIS

Plaintiff brings this action against a medical supplies company, Vitality Medical Supplies ("**Vitality**"), its co-founders and "all Vitality employees" (collectively, "**Defendants**"). [Compl. at 1.] Plaintiff asserts claims under the Federal Food, Drug and Cosmetics Act ("**FDCA**"), 21 U.S.C. § 301 *et seq.* and the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. § 12101 *et seq.* He alleges that he suffers from advanced COPD and must use a nebulizer to help him breathe. [Compl. ¶¶ 1–2.] He alleges that he ordered a nebulizer from Defendants on February 22, 2022 but that he did not receive the nebulizer until April 12, 2022. [Compl. ¶¶ 3–4.] During the intervening period, Plaintiff alleges that he could not breathe and suffered severe COPD attacks, sometimes leaving him "near death." [Compl. ¶ 5.]

Plaintiff cannot state a claim for relief under the FDCA or the ADA. Plaintiff's FDCA claim fails because the FDCA confers no private right of action on plaintiffs.

*See Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 476 (D.N.J. 1998) (no private right of action exists under the FDCA) (citing *Gile v. Optical Radiation Corp.*, 22 F.3d 540, 544 (3d Cir.1994)). And Plaintiff's ADA claim fails because he has not alleged that that he was denied access to goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation because he has a disability. 42 U.S.C. § 12182(a). He alleges only that his nebulizer did not arrive fast enough. Accordingly, Plaintiff cannot state a claim for relief as alleged.

## III.  CONCLUSION

For the reasons stated above, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** the Complaint **WITHOUT PREJUDICE**. An appropriate Order follows.

**March 20, 2024**                                  s/Renée Marie Bumb
Date                                                        RENÉE MARIE BUMB
                                                              Chief United States District Judge