[Docket No. 7]

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY CAMDEN VICINAGE

JOHN TOTH,

            Plaintiff,

  v.

VITALITY MEDICAL SUPPLIES, BRAD PACKARD, RUKIYA PACKARD, and ALL VITALITY EMPLOYEES,

            Defendants.

Civil No. 24-968 (RMB-SAK)

**OPINION**

**RENÉE MARIE BUMB, Chief United States District Judge**

**THIS MATTER** comes before the Court upon the filing of an Amended Complaint by *pro se* Plaintiff John Toth. [Docket No. 7 ("**AC**").] The Court previously granted Mr. Toth's amended application to proceed *in forma pauperis* ("**IFP**") and screened and dismissed his complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). [Docket Nos. 5 ("**Op**."), 6.] The Court now screens the Amended Complaint.

## I.    SCREENING FOR DISMISSAL

When a person files a complaint and is granted IFP status, 28 U.S.C. § 1915(e)(2)(B) requires courts to review the complaint and dismiss claims that are: (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. Courts,

however, must liberally construe pleadings that are filed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The legal standard for dismissing a complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), is the same as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Twombly*, 550 U.S. at 556.

*Pro se* complaints are to be "liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Owens v. Armstrong*, 171 F.Supp.3d 316, 328 (D.N.J. 2016) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). Thus, *pro se* litigants are not exempt from complying with federal pleading standards. *See Thakar v. Tan*, 372 F.App'x 325, 328 (3d Cir. 2010).

II.     FACTUAL AND PROCEDURAL BACKGROUND

As explained in the Court's prior Opinion dismissing Plaintiff's original complaint, Plaintiff brings this action against a medical supplies company, Vitality Medical Supplies ("**Vitality**"), its co-founders and "all Vitality employees"

(collectively, "**Defendants**"). Plaintiff alleges that he suffers from COPD and must use a nebulizer to help him breathe. [*See* Docket No. 1 ("**Compl**.") ¶¶ 1–2; AC ¶¶ 1–4.] Building on the allegations of his original complaint, his Amended Complaint alleges that the company he usually buys his replacement nebulizers from went out of business. [AC ¶ 4.] He alleges that he called Vitality and asked whether they sold nebulizers and whether they had any in stock. [AC ¶ 10–11.] An employee for Vitality allegedly answered yes to both questions. [*Id*.] Plaintiff then asked how long it would take for a nebulizer to be delivered. [*Id*. ¶ 12.] The Vitality employee responded that it would take between one and three days for the nebulizer to be delivered. [*Id*.] Based on those representations, Plaintiff then ordered the nebulizer from Vitality. [*Id*. ¶ 14.] But Plaintiff alleges that he did not receive delivery of the nebulizer until 49 days after placing the order. [AC ¶¶ 14–17.] During the intervening period, Plaintiff alleges that he could not breathe and suffered severe COPD attacks, sometimes leaving him "near death." [Compl. ¶ 5; AC ¶¶ 17–20.]

In his original complaint, Plaintiff asserted claims under the Federal Food, Drug and Cosmetics Act ("**FDCA**"), 21 U.S.C. § 301 *et seq*. and the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. § 12101 *et seq.* The Court dismissed his FDCA claim because the FDCA confers no private right of action. [Op. at 2.] And it dismissed his ADA claim because Plaintiff did not allege that he was denied access to goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation because he has a disability; rather, he alleged only that his nebulizer

3

did not arrive fast enough. [*Id*. at 3.] The Court afforded Plaintiff thirty days to amend his complaint.

### III. ANALYSIS

Plaintiff's Amended Complaint now alleges that Defendants' delay in shipping the nebulizer was negligent because it was a deviation of the standard of care. [AC ¶ 16; *see also id*. at 1, 3.] Negligence is a breach of a legal duty that causes harm. *Townsend v. Pierre*, 110 A.3d 52, 61 (N.J. 2015) ("To sustain a cause of action for negligence, a plaintiff must establish four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.") (internal quotation marks omitted)). But it is not clear how a business would have a legal duty in tort to provide prompt shipment to its customers, even for a device that might be medically necessary. *See* Restatement (Second) of Torts § 314 (1965) ("The fact that the actor realizes or should realize that action on his part is necessary for another's aid or protection does not of itself impose upon him a duty to take such action."). Imposing such liability on a medical device company would turn its business into a physician's clinic, making it liable for actions sounding in medical malpractice. *See McDougall v. Lamm*, 48 A.3d 312, 325 (N.J. 2012) ("[D]eciding whether one party owes another a duty of care 'involves identifying, weighing, and balancing several factors-the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.'") (quoting *Hopkins v. Fox & Lazo Realtors*, 625 A.2d 1110 (N.J. 1993)). Accordingly, the Court will dismiss the sole

4

negligence claim asserted in the Amended Complaint with prejudice as amendment of that claim would be futile.

## IV. CONCLUSION

For the reasons stated above, the Court will **DISMISS** the negligence claim asserted in the Amended Complaint **WITH PREJUDICE**. An appropriate Order follows.

**May 8, 2024**                                                          **s/Renée Marie Bumb**
Date                                                                       RENÉE MARIE BUMB
                                                                              Chief United States District Judge